UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SELVIN JAHIR CASERES MORAN,

Petitioner,

v.

WARDEN OF IMPERIAL DETENTION FACILITY,

Respondent.

Case No.:  3:26-cv-03580-RBM-MSB

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

**[Doc. 1]**

Pending before the Court is Petitioner Selvin Jahir Caseres Moran's ("Petitioner") Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition") challenging the lawfulness of his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. 1.)  For the reasons below, the Court **GRANTS** the Petition.

## I.     BACKGROUND

Petitioner is a citizen of Honduras who entered the United States without inspection or apprehension as a minor on or about May 30, 2021. (*Id.* at 4–6; Doc. 1-2 at 1.)  Petitioner has work authorization and has an asylum application that has been pending with United States Citizenship and Immigration Services since 2024.  (Doc. 1 at 4.)  Petitioner was arrested in May 2026 and served with a Notice to Appear that charged him as inadmissible under sections 212(a)(6)(A)(i) and 212(a)(7)(A)(i) of the Immigration and Nationality Act. (Doc. 1-2 at 3–4.)  Petitioner has no criminal record.  (Doc. 1 at 4.)

1

Petitioner filed his Petition on June 16, 2026.  (Doc. 1.)  That same day, the Court set a briefing schedule.  (Doc. 2.)  On June 24, 2026, Respondents filed their Return to Petition.  (Doc. 4.)  Petitioner filed a Reply to Return later that same day.  (Doc. 5.)

## II.   <u>LEGAL STANDARD</u>

A writ of habeas corpus is "available to every individual detained within the United States."  *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions."  28 U.S.C. § 2241(a).  The petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States."  *Id.* § 2241(c)(3).

## III.   <u>DISCUSSION</u>

Petitioner argues that his detention is unlawful because Respondents have wrongfully treated him as detained under 8 U.S.C. § 1225 rather than § 1226(a) and because his detention violates the court's orders in *Bautista v. Santacruz*.[1]  (Doc. 1 at 4–8; Doc. 5 at 1, 3–4.)  Petitioner seeks immediate release or a prompt § 1226(a) bond hearing.  (Doc. 1 at 4.)  Respondents do not substantively respond to Petitioner's arguments, stating only that they "acknowledge[ ] that this Court's prior decisions will control the result here if the Court adheres to its prior decisions, as the facts are not materially distinguishable . . . and on that basis . . . does not oppose the petition."  (Doc. 4 at 3.)

The Court has granted petitions filed by similarly-situated petitioners.  *See, e.g.*, *Silvestre-Mendoza v. Noem*, Case No.: 3:25-cv-03206-RBM-DDL, 2025 WL 3512410, at

---

[1] *See Bautista v. Santacruz*, 813 F. Supp. 3d 1084 (C.D. Cal. 2025).  As Respondents note, the Ninth Circuit has stayed the judgment of *Bautista* insofar as it extends beyond the Central District of California.  (Doc. 4 at 2–3 (citations omitted).)

3:26-cv-03580-RBM-MSB

*1–2 (S.D. Cal. Dec. 8, 2025).   In that decision, the Court found that "'a proper understanding of the relevant statutes, in light of their plain text, overall structure, and . . . case law interpreting them, compels the conclusion that § 1225's provisions for mandatory detention of noncitizens seeking admission [do] not apply to someone like [the petitioner],' who has been residing in the United States" for years.  *Id.* at *1 (quoting *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 484 (S.D.N.Y. 2025)).  The Court incorporates its reasoning in *Silvestre-Mendoza*, and makes the same findings, here.

There is no dispute that Petitioner was detained in May 2026, after having resided in the United States for about five years.  (*See* Doc. 1 at 4–6.)  Therefore, the discretionary detention procedures of § 1226 govern Petitioner's detention, and the Petition must be granted.  The Court also finds that immediate release, rather than a bond hearing, is the appropriate remedy.  *See E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1324 (W.D. Wash. 2025) ("Although the Government notes that Petitioner may request a bond hearing while detained, such a post-deprivation hearing cannot serve as an adequate procedural safeguard because it is after the fact and cannot prevent an erroneous deprivation of liberty."); *Jorge M.F. v. Jennings*, 534 F. Supp. 3d 1050, 1055 (N.D. Cal. 2021) ("if Petitioner is detained, he will already have suffered the injury he is now seeking to avoid"); *Domingo v. Kaiser*, Case No. 25-cv-05893 (RFL), 2025 WL 1940179, at *3 (N.D. Cal. July 14, 2025) ("Even if Petitioner[] received a prompt post-detention bond hearing under 8 U.S.C. § 1226(a) and was released at that point, he will have already suffered the harm that is the subject of his motion; that is, his potentially erroneous detention.").

## IV.   CONCLUSION

For the foregoing reasons, the Petition is **GRANTED**.  Accordingly:

1. Respondents are **ORDERED** to immediately release Petitioner from custody.

2. The Court **ORDERS**, prior to any re-detention of Petitioner, that Petitioner shall receive a hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) to determine whether detention is warranted.  The Government shall bear the burden

3:26-cv-03580-RBM-MSB

of establishing, by clear and convincing evidence,[2] that Petitioner poses a danger to the community or a risk of flight.[3]

**IT IS SO ORDERED.**

DATE:  June 26, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

---

[2] *See Sadeqi v. LaRose*, 809 F. Supp. 3d 1090, 1095 (S.D. Cal. 2025) ("Petitioner is entitled to a prompt and individualized bond hearing, at which Respondents must justify her continued detention by a showing of clear and convincing evidence that Petitioner would likely flee or pose a danger to the community if released.") (citing *Singh v. Holder*, 638 F.3d 1196, 1203 (9th Cir. 2011), *abrogated on other grounds by Jennings v. Rodriguez*, 583 U.S. 281 (2018) (explaining that "the substantial liberty interest at stake" warranted placing the burden on the government to "prove by clear and convincing evidence that [a noncitizen] is a flight risk or a danger to the community to justify denial of bond").

[3] This relief has been granted in similar matters.  *See E.A. T.-B*, 795 F. Supp. 3d at 1324; *Duong v. Kaiser*, 800 F. Supp. 3d 1030, 1043–44 (N.D. Cal. 2025); *Lepe v. Andrews*, 801 F. Supp. 3d 1104, 1119–20 (E.D. Cal. 2025).

3:26-cv-03580-RBM-MSB